SUSAN D. FAHRINGER, Bar No. 162978
SFahringer@perkinscoie.com
RYAN SPEAR (Pro Hac Vice)
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

SUNITA BALI, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Plaintiffs Digital Content Protection, LLC
and Warner Bros. Entertainment Inc.

OTTO O. LEE, Bar No. 173987
olee@iplg.com
KEVIN VIAU, Bar No. 275556
kviau@iplg.com
BONNIE J. WOLF, Bar No. 284872
bonniewolf@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

Attorneys for Defendant Ace Deal Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL CONTENT PROTECTION, LLC, and WARNER BROS. ENTERTAINMENT INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACE DEAL INC., <br><br> Defendant. | Case No.: 4:15-cv-6341-DMR <br><br> **STIPULATION AND [PROPOSED] ORDER ENTERING FINAL JUDGMENT AND PERMANENT INJUNCTION** |

[PROPOSED] ORDER
Case No. 4:15-cv-6341-DMR

20336-1571/130855234.1                     1

## STIPULATION

Plaintiffs Digital Content Protection, LLC ("DCP") and Warner Bros. Entertainment Inc. ("Warner Bros.") (collectively, "plaintiffs"), along with defendant Ace Deal Inc. ("Ace Deal") (together with plaintiffs, the "parties") have agreed to a settlement of their dispute. Accordingly, the parties jointly stipulate and agree to be bound as follows:

1.  This Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in this Court. Ace Deal consents to the jurisdiction of this Court for the purpose of entry of the Final Judgment and Permanent Injunction, attached as Exhibit A.

2.  High-Bandwidth Digital Content Protection ("HDCP") is a technological measure that effectively controls access to copyrighted works and protects the rights of copyright owners, as contemplated by the Digital Millennium Copyright Act ("DMCA").

3.  HDCP encrypts content as it travels from a wide variety of digital devices, including set-top boxes, Digital Versatile Discs ("DVDs") and Blu-ray players, computers, Digital Video Recorders ("DVRs") and game consoles, to digital display devices, such as high-definition televisions ("HDTVs") (collectively, "Digital Devices").

4.  Many copyright owners, including plaintiff Warner Bros., require that Digital Devices be protected with HDCP in order to display their copyrighted content, including premium commercial entertainment content that is displayed on Digital Devices such as high-value digital motion pictures, television programs, and video games ("Digital Content").

5.  In the ordinary course of its operation, HDCP requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to a copyrighted work. HDCP is therefore a technological measure that effectively controls access to works protected by the Copyright Act as set forth in the DMCA. *See* 17 U.S.C. § 1201(a)(3)(B).

6. In the ordinary course of its operation, HDCP prevents, restricts, or otherwise limits the ability to copy or otherwise use copyrighted works without the authority of the copyright owners. HDCP is therefore a technological measure that effectively protects Digital Content and the rights of copyright owners therein by preventing end users from engaging in the unauthorized reproduction, adaptation, public performance, or distribution of Digital Content or portions thereof, as set forth in the DMCA. *See* 17 U.S.C. § 1201(b)(2)(B).

7. Plaintiff DCP is the owner of all rights in HDCP.

8. Plaintiff Warner Bros. owns or controls copyrights in many of the most successful and critically acclaimed movies and recorded television programs released in the United States. Warner Bros. has the right to require the use of HDCP to control access to and to protect its rights in copyrighted Digital Content.

9. Defendant Ace Deal is a corporation organized and existing under the laws of California, and having its principal place of business at 1172 Murphy Avenue, Suite 237, San Jose, California 95131.

10. Ace Deal has imported, offered to the public, provided and otherwise trafficked in devices marketed under the "Panlong" brand name that are designed to circumvent HDCP and to eliminate HDCP's access controls and protections. Those devices are identified in the table below and referred to collectively in this Order as the "Panlong Devices."

**PANLONG DEVICES**

| # | Device Name | Model Number |
|---|---|---|
| 1. | HDMI 2.0 Splitter with HDCP 2.2 | PL0102SP-2.0 |
| 2. | Panlong HDMI 2.0 Splitter 4-Port with HDCP 2.2 | PL0104SP-2.0 |
| 3. | 3-Port HDMI 2.0 Switch | PL0301SW-2.0 |
| 4. | 5-Port HDMI 2.0 Switch | PL0501SW-2.0 |
| 5. | HDMI Extender | PL-373HE |
| 6. | Receiver for HDMI Extender | PL-373RX |
| 7. | HDMI to HDMI Optical Audio Extractor | DC-1114971067 |

| 8.  | HDMI Audio Extractor Converter | DC-1115873488 |
|---|---|---|
| 9.  | HDMI Matrix Switch | DC-PLM922E |
| 10. | UHD v1.3 1080P HDMI Splitter | PL-HDV-312 |
| 11. | HDMI Extender | PL-372A |
| 12. | Premium HDMI Splitter v1.3 4 Port | PL-814 |
| 13. | UHD v1.4 4K HDMI Splitter | PL-912 |
| 14. | Premium HDMI Splitter v1.4 4 Port | PL-914 |
| 15. | 3 Port 4K UHD HDMI Switch | PL-SW431A |

11. Ace Deal stipulates that it sold 2,078 Panlong Devices.

12. In common parlance, the Panlong Devices are "strippers." Inserted between an HDCP-compliant source device and a non-HDCP-compliant sink device, a Panlong Device will remove (or "strip") HDCP encryption from copyrighted Digital Content as it is transmitted from the source device to the sink device. As a result, the copyrighted Digital Content is rendered "in the clear," making it vulnerable to unauthorized access, copying, and redistribution, and enabling Panlong Device users to access, copy, and distribute copyrighted Digital Content without the authority of the copyright owner.

13. Ace Deal's actions with respect to the Panlong Devices render Digital Content vulnerable to unauthorized access, copying, and distribution, harm Warner Bros. by rendering its Digital Content vulnerable to unauthorized access, copying, and distribution, and impair the effectiveness of HDCP, jeopardizing DCP's licensing revenues.

14. The Panlong Devices are primarily designed or produced for the purpose of circumventing HDCP, *see* 17 U.S.C. §§ 1201(a)(2)(A), 1201(b)(1)(A); have only limited commercially significant purpose or use other than to circumvent HDCP, *see id*. §§ 1201(a)(2)(B), 1201(b)(1)(B); and have been marketed by Ace Deal or others acting in concert with Ace Deal with Ace Deal's knowledge for use in circumventing HDCP, *see id*. §§ 1201(a)(2)(C), 1201(b)(1)(C). The Panlong Devices descramble a scrambled work, decrypt an encrypted work, or otherwise avoid,

bypass, circumvent, remove, deactivate, or impair HDCP, without the authority of copyright owners. *See id*. §§ 1201(a)(3)(A), 1201(b)(2)(A).

15.  By trafficking in the Panlong Devices, Ace Deal has violated plaintiffs' rights under the DMCA. *See id*. §§ 1201(a)(2), 1201(b)(1).

16.  In addition, Ace Deal has published statements and information, on its website and elsewhere, implying that Ace Deal and the Panlong Devices are associated with or otherwise authorized or approved by plaintiffs, and that the Panlong Devices comply with HDCP encryption technology or are otherwise consistent with the terms of an HDCP license.

17.  By publishing these statements, Ace Deal has violated plaintiffs' rights under the Lanham Act. *See* 15 U.S.C. § 1125(a)(1).

18.  Plaintiffs are therefore entitled to the relief set forth in the Final Judgment and Permanent Injunction, which is attached as Exhibit A.

19.  The parties jointly request that this Court enter the Final Judgment and Permanent Injunction as a final judgment in this matter.

IT IS SO STIPULATED AND AGREED.

Dated:  May 25, 2016                              PERKINS COIE LLP

By:     */s/ Ryan Spear*
Susan D. Fahringer
Ryan Spear
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000

Sunita Bali
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000

Attorneys for Plaintiffs Digital Content
Protection, LLC and Warner Bros. Entertainment Inc.

[PROPOSED] ORDER
Case No. 4:15-cv-6341-DMR

20336-1571/130855234.1

| | |
|---|---|
| Dated: May 25, 2016 | INTELLECTUAL PROPERTY LAW GROUP LLP |
| | By:  */s/ Bonnie J. Wolf* |
| | Otto O. Lee |
| | Kevin Viau |
| | Bonnie J. Wolf |
| | 12 South First Street, 12th Floor |
| | San Jose, California 95113 |
| | Telephone: (408) 286-8933 |
| | Facsimile: (408) 286-8932 |
| | |
| | Attorneys for Defendant Ace Deal Inc. |

Pursuant to Local Rule 5-1(i)(3), filing counsel attests that all other signatories listed, on whose behalf the filing is submitted, concur in the content and have authorized the filing.

### [PROPOSED] ORDER ENTERING
### FINAL JUDGMENT AND PERMANENT INJUNCTION

Based on the parties' stipulation, and good cause being shown, IT IS SO ORDERED. The Clerk of the Court is directed to enter the Final Judgment and Permanent Injunction, attached as Exhibit A, as the Court's final judgment in this matter. All other existing dates and deadlines in this matter are hereby vacated.

Dated: May 31, 2016

Hon. Donna M. Ryu
United States Magistrate Judge

*IT IS SO ORDERED*
*Judge Donna M. Ryu*

[PROPOSED] ORDER
Case No. 4:15-cv-6341-DMR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL CONTENT PROTECTION, LLC, and WARNER BROS. ENTERTAINMENT INC., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>ACE DEAL INC., <br><br>　　　　　Defendant. | Case No.:  4:15-cv-6341-DMR <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION** |

　　　Based on the parties' stipulation, and good cause being shown, IT IS HEREBY ORDERED AND ADJUDGED:

　　　1.　FINAL JUDGMENT is entered against defendant Ace Deal, Inc. ("Ace Deal") on Count I of plaintiffs' complaint (Dkt. 1), "Violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2) and § 1201(b)(1)."

　　　2.　FINAL JUDGMENT is entered against defendant Ace Deal on Count II of plaintiffs' complaint (Dkt. 1), "Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)."

　　　3.　Plaintiffs shall recover $5,250,000 in monetary damages from defendant Ace Deal.

　　　4.　Ace Deal and its officers, agents, servants, employees, attorneys, receivers, trustees, successors, and assigns, along with any persons involved in the operation of the website acepanlong.com (or any other website through which Ace Deal offers its products), and any other persons or entities acting in active concert or participation with any of the foregoing persons or

entities who receive actual notice of this Final Judgment and Permanent Injunction, shall be, and hereby are, immediately and permanently enjoined and restrained from:

    a.    Importing, manufacturing, offering to the public, providing, selling, using, or otherwise trafficking in the devices identified in the table below, which are referred to collectively in this Final Judgment and Permanent Injunction as the "Panlong Devices":

**PANLONG DEVICES**

| # | Device Name | Model Number |
|---|---|---|
| 1. | HDMI 2.0 Splitter with HDCP 2.2 | PL0102SP-2.0 |
| 2. | Panlong HDMI 2.0 Splitter 4-Port with HDCP 2.2 | PL0104SP-2.0 |
| 3. | 3-Port HDMI 2.0 Switch | PL0301SW-2.0 |
| 4. | 5-Port HDMI 2.0 Switch | PL0501SW-2.0 |
| 5. | HDMI Extender | PL-373HE |
| 6. | Receiver for HDMI Extender | PL-373RX |
| 7. | HDMI to HDMI Optical Audio Extractor | DC-1114971067 |
| 8. | HDMI Audio Extractor Converter | DC-1115873488 |
| 9. | HDMI Matrix Switch | DC-PLM922E |
| 10. | UHD v1.3 1080P HDMI Splitter | PL-HDV-312 |
| 11. | HDMI Extender | PL-372A |
| 12. | Premium HDMI Splitter v1.3 4 Port | PL-814 |
| 13. | UHD v1.4 4K HDMI Splitter | PL-912 |
| 14. | Premium HDMI Splitter v1.4 4 Port | PL-914 |
| 15. | 3 Port 4K UHD HDMI Switch | PL-SW431A |

    b.    Importing, manufacturing, offering to the public, providing, selling, using, or otherwise trafficking in any technology, product, service, device, component or part thereof that is primarily designed or produced to circumvent HDCP, or has only limited commercially significant purpose or use other than to circumvent HDCP, or is or has been marketed for use in circumventing HDCP ("Product");

    c.    Importing, manufacturing, offering to the public, providing, selling, using or otherwise trafficking in any Product that enables, contributes to, or induces the unauthorized use, distribution, or copying of copyrighted works owned by Warner Bros.; and

  d. Inducing, enabling, supporting, or otherwise assisting any other person or entity to engage in the activities described in Paragraphs 4(a)-(c).

5. In addition, Ace Deal and all persons or entities in active concert or participation with Ace Deal must:

  a. Cease advertising, promoting, or otherwise publishing any statements conveying or suggesting that Ace Deal and its activities are associated with, approved by, or authorized by DCP or it licensees;

  b. Identify (by product name, quantity, and supplier) all of the following items in Ace Deal's custody, possession or control:

    i. Panlong Devices; and

    ii. Products that are primarily designed or produced to circumvent HDCP, or have only limited commercially significant purpose or use other than to circumvent HDCP, or are or have been marketed for use in circumventing HDCP;

  c. Deliver up to DCP all items identified under Paragraph 5(b).

6. Nothing in this Final Judgment and Permanent Injunction precludes DCP or Warner Bros. from asserting any claims or rights that arise solely after Ace Deal's stipulation to this Final Judgment and Permanent Injunction or that are based upon any violation of this Final Judgment and Permanent Injunction or any breach of a provision, representation, or warranty of the parties' settlement agreement.

7. Nothing in this Final Judgment and Permanent Injunction precludes DCP or Warner Bros. from asserting any claims or rights against any non-party to this lawsuit.

8. This Final Judgment and Permanent Injunction is final and may not be appealed by any party.

9. Ace Deal waives all objections under Federal Rule of Civil Procedure 65(d) (pertaining to injunctions) with respect to this Final Judgment and Permanent Injunction.

10. This Court shall retain jurisdiction to enforce this Final Judgment and Permanent Injunction and the parties' settlement agreement.

11. Each party shall bear its own attorneys' fees and costs.

IT IS SO ORDERED.

Dated: _____   _____
                                                                    Hon. Donna M. Ryu
                                                                    United States Magistrate Judge